UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

| | | |
|---|---|---|
| JAMES TAYLOR, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 15-CV-59-HRW |
| | ) | |
| V. | ) | |
| | ) | |
| JODIE L. SNYDER-NORRIS, | ) | **MEMORANDUM OPINION** |
| *Warden*, | ) | **AND ORDER** |
| | ) | |
| Respondent. | | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner James Taylor is an inmate confined by the Bureau of Prisons

("BOP") in the Federal Correctional Institution-Ashland, located in Ashland,

Kentucky. Taylor has filed a *pro se* petition for a writ of habeas corpus pursuant to

28 U.S.C. § 2241, challenging the enhancement of his federal sentence under the

residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C.A. §

924(e)(2)(B)(ii).[1]  [D. E. No. 1; supplemented at D. E. No. 6]

---

[1] The United States Sentencing Guidelines provide that a defendant is sentenced as an "armed career criminal" if he is subject to an enhanced sentence under the ACCA. U.S.S.G. § 4B1.4(a). Those, like Taylor, who are convicted under 18 U.S.C. § 922(g) (*e.g.*, felon possessing a firearm) and have three previous convictions for "violent felon[ies] or ... serious drug offense[s]" are subject to an enhanced sentence under the ACCA. 18 U.S.C. § 924(e)(1). A "violent felony" is "any crime punishable by imprisonment for a term exceeding one year" that:

    (i)     has as an element the use, attempted use, or threatened use of physical force against the person of another; or

    (ii)    is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*[.]

Id. § 924(e)(2)(B) (emphasis added). The italicized portion is known as the "residual clause."

1

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Taylor's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

At this stage of the proceedings, the Court accepts the petitioner's factual allegations as true and construes all legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The Court has reviewed Taylor's § 2241 petition, but for the reasons set forth below, determines that that it cannot grant the relief which Taylor seeks, *i.e.*, an order granting him relief from the 188-month federal sentence which he is currently serving. Because Taylor has paid the $5.00 filing fee [D. E. No. 5], the Court will also deny as moot his motion to proceed *in forma pauperis.* [D. E. No. 4].

## BACKGROUND

Taylor owned and operated a small convenience store in Lansing, Michigan, where he, his wife, and several others worked. In August 2008, the store received authorization to redeem benefits through the Supplemental Nutrition Assistance

2

Program ("SNAP"), a federally funded, national program that uses federal funds to provide nutritional assistance to needy individuals. From February 2010 through January 2011, the United States Department of Agriculture ("USDA") conducted an undercover operation at Taylor's store. During that time, Taylor allowed undercover police officers and confidential informants working for USDA special agents to redeem SNAP benefits in exchange for cash that Taylor knew would be used to purchase illegal drugs. Taylor once exchanged a firearm for SNAP benefits.

Based on this conduct, the government charged Taylor with conspiracy to defraud the United States, SNAP fraud, drug distribution, and being a felon in possession of a firearm. *United States v. James Taylor*, No. 1:11-CR-160-RHB-1 (W.D. Mich. 2011). In July 2011, Taylor pleaded guilty to the charges. [*Id.*, D. E. No. 60, therein] Based on the firearm conviction and the fact that Taylor had three prior convictions for violent felonies or serious drug offenses, the probation officer recommended that Taylor was subject to an enhanced sentence under the ACCA and U.S.S.G. § 4B1.4(a), resulting in a range of 188 to 235 months' imprisonment. Taylor objected, arguing that he was not subject to an ACCA sentence. [*Id.*, D. E. No. 81, therein] The district court disagreed, and on October 24, 2011, sentenced him to serve a 188-month prison term. [*Id.*, D. E. No. 99, therein]

On appeal, Taylor conceded that two of his prior convictions properly counted under § 924, but claimed that his prior conviction under Michigan's attempted larceny statute did not qualify him as an "armed career criminal." *United States v. James Taylor*, 696 F. 3d 628, 631 (6th Cir. 2012). Taylor argued that attempted larceny was not a violent felony per se, because it could be committed without any risk of confrontation leading to violence. *Id*. The Sixth Circuit carefully analyzed all elements of the larceny offense under the framework of *Begay v. United States*, 553 U.S. 137 (2008), but ultimately concluded that the offense constituted a "violent felony" and/or a "crime of violence," and that the district court properly sentenced Taylor as an armed career criminal. *Id*. at 631-33. The Sixth Circuit therefore affirmed Taylor's enhanced sentence. *Id*. at 633.

Taylor then filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, in which he again argued that the district court had improperly enhanced his sentence under § 924, based on his prior Michigan larceny conviction. *Taylor v. United States*, No. 1:13-CV-01085-RHB (W.D. Mich. 2013) [D. E. No. 1, therein]   On January 29, 2014, the district court summarily denied Taylor's § 2255 motion, finding that Taylor was attempting to re-litigate the same issue which he previously and unsuccessfully argued on appeal. [*Id.*, D.E. No. 5, therein] Taylor did not appeal that decision.

**TAYLOR'S CLAIMS UNDER 28 U.S.C. § 2241**

Johnson asserts that based on the Supreme Court's recent decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015), the district court improperly enhanced his sentence under the residual clause of the ACCA, and that he should be resentenced and/or released from federal custody.   *Johnson* addressed the constitutionality of the residual clause of the ACCA, holding that it violates due process because it is unconstitutionally vague. *Johnson*, 135 S.Ct. at 2557.

Taylor contends that because his 188-month sentence was based on the residual clause of the ACCA, and because the Supreme Court held in *Johnson* that the residual clause is unconstitutionally vague, his enhanced sentence violates the U.S. Constitution's guarantee of due process.   Taylor further contends that *Johnson* announces a new substantive rule of constitutional law that applies retroactively to final convictions such as his, and that pursuant to 28 U.S.C. § 2241, he is entitled to immediate relief from his sentence.

## DISCUSSION

As a general rule, 28 U.S.C. § 2255 provides the correct avenue to challenge a federal conviction or sentence, whereas a federal prisoner may file a § 2241 petition if he is challenging issues which relate to the execution of his sentence (*i.e.*, the BOP's calculation of sentence credits or other issues affecting the length of his sentence). *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001);

*see also Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999).  The Sixth Circuit explains the difference between the two statutes:

> [C]ourts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the [jurisdiction of the] sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241.

*Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (internal quotation marks omitted).  In short, 28 U.S.C. § 2255 provides the primary avenue for federal prisoners seeking relief from an unlawful conviction or sentence, not § 2241.  *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003).

Here, Taylor is not challenging the manner in which the BOP is executing his sentence, such as its computation of sentence credits or consideration of parole eligibility, issues which fall under the purview of § 2241.  Instead, Taylor contends that his sentence, which was enhanced under the ACCA's residual clause, violates his due process constitutional rights, and that based on *Johnson*, he should be resentenced without the enhancement and/or released from federal custody.

A federal prisoner may challenge the legality of his detention under § 2241 only if his remedy under § 2255(e) is found to be inadequate or ineffective. *Wooten v. Cauley*, 677 F.3d 303, 306-07 (6th Cir. 2012); *Charles*, 180 F.3d at 756. This exception does not apply where a prisoner fails to seize an earlier opportunity

to correct a fundamental defect in his or her convictions under pre-existing law, or actually asserted a claim in a prior post-conviction motion under § 2255 but was denied relief. *Id.* "It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective." *Id.*, 180 F.3d at 756.

Johnson was not decided until June 26, 2015, long after Taylor filed his § 2255 motion in district court, so to that extent, his remedy under § 2255 could be considered inadequate and ineffective. But even so, a federal prisoner proceeding under § 2241 can invoke the savings clause of § 2255 only if he alleges "actual innocence," *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003), and an actual innocence claim can proceed under § 2241 only when it is "based upon a new rule of law made retroactive by a Supreme Court case." *Townsend v. Davis*, 83 F. App'x 728, 729 (6th Cir. 2003).

Taylor faces an obstacle to establishing an actual innocence claim because he does not challenge his underlying conspiracy, drug, fraud, and illegal firearm possession convictions in this § 2241 proceeding; instead, he challenges the length of his sentence, arguing that under *Johnson*, he should be re-sentenced to a shorter prison term. However, the Sixth Circuit has never extended to savings clause to a § 2241 petitioner who challenges only the enhancement of his sentence. In fact, the Sixth Circuit has repeatedly held that claims alleging "actual innocence" of a sentencing enhancement cannot be raised under § 2241." *Jones v. Castillo*, 489 F.

App'x 864, 866 (6th Cir. 2012); *see also Reminsky v. United States*, 523 F. App'x 327, 329 (6th Cir. 2013) ("The savings clause under § 2255(e) does not apply to sentencing claims."); *Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) (same); *Contreras v. Holland*, 487 F. App'x 287, 288 (6th Cir. 2012) (holding that prisoner's challenge to his sentencing enhancement under §§ 841 and 846 was not cognizable under § 2241); *Anderson v. Hogsten*, 487 F. App'x 283, 284 (6th Cir. 2012) (same); *Brown v. Hogsten*, 503 F. App'x 342, 343 (6th Cir. 2012) ("[C]laims of sentencing error may not serve as the basis for an actual innocence claim."). Because Taylor asserts a sentencing claim, and because the savings clause of § 2255 extends only to petitioners asserting a claim of actual innocence regarding their convictions, not their sentences, Taylor has not alleged a valid actual innocence claim that is cognizable under § 2241. Thus, his § 2241 petition must be denied.

Further, Johnson was not a "Supreme Court decision[ ] announcing new rules of statutory construction unavailable for attack under section 2255," *Hayes*, 473 F. App'x at 501-02 (emphasis added), which means that a habeas corpus petition under § 2241 is not an appropriate or available mechanism to pursue a claim under *Johnson*. Courts have therefore consistently concluded that a habeas corpus petition under § 2241 is not a proper method to assert a *Johnson* claim. *See Ruiz v. Ebbert*, No. 3:CV-151612, 2015 WL 5997105, at *2 (M.D. Pa. Oct. 14,

2015) (dismissing the § 2241 petition and advising the petitioner that he should seek authorization from the appropriate Court of Appeals to file a second or successive § 2255 petition regarding his Johnson claim); *Bishop v. Cross*, No. 15-CV-854-DRH, 2015 WL 5121438, at *2-3 (S.D. Ill. Aug. 31, 2015) (holding that habeas petition seeking relief from § 4B1.1 enhancement in light of *Johnson* was not cognizable under § 2241, but must instead be brought by motion under § 2255); *Hollywood v. Rivera*, No. 2:15CV113 JM/BD, 2015 WL 5050253, at *2 (E.D. Ark. Aug. 4, 2015) (same); *Cockrell v. Krueger*, No. 15-CV-1279, 2015 WL 4648029, at *2-3 (C.D. Ill. Aug. 5, 2015); *Jennings v. Lariva*, No. 2:14-CV-63-WTL-WGH, 2015 WL 5156047, at *2 (S.D. Ind. Sept. 2, 2015) (collecting cases); *Wood v. Maiorana*, No. 3:CV-15-1409, 2015 WL 4663267, at **2-6 (M. D. Pa. Aug. 6, 2015).

Finally, resort to a habeas corpus petition under § 2241 is precluded if a motion under § 2255 provides a viable remedy, and hence is not "inadequate and ineffective" to test the legality of the petitioner's detention. *Jennings*, 2015 WL 5156047, at *2 ("[A]n inmate [wishing to assert a claim under *Johnson*] has a meaningful remedy to file a second or successive § 2255 motion, via an application pursuant to 28 U.S.C. § 2255(h). The existence of this remedy negates both the need and the opportunity to use the savings clause of 28 U.S.C. § 2255(e).")

Here, Taylor's challenge is predicated upon the unconstitutionality of the ACCA's residual clause, so he might be able to pursue relief under *Johnson* by requesting permission from the Sixth Circuit to file a second or successive motion for relief under § 2255. The Sixth Circuit may grant the request where the moving party requests relief under "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). The request for permission must be filed within one year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). *See also Cockrell*, 2015 WL 4648029, at *2-3.[2]

Because *Johnson* was decided on June 26, 2015, Taylor therefore has ample time to file such a request with the Sixth Circuit. The Sixth Circuit has yet to formally determine whether *Johnson* qualifies as a retroactively applicable decision available to cases on collateral review, and the circuit courts of appeal

---

[2] In *Cockrell*, the Illinois district court acknowledged that *Johnson* qualified as a new substantive rule of constitutional law, but held that Cockrell should bring his sentence challenge under 28 U.S.C. § 2255 rather than through a habeas petition filed under 28 U.S.C § 2241, and that even in light of *Johnson,* Cockrell could not challenge his ACCA-enhanced sentence in a § 2241 habeas proceeding. [*Id.* at *2-3] The district court explained that Cockrell could proceed in the sentencing court under § 2255 by asking the Seventh Circuit court to Appeals for permission to file a second or successive petition based on *Johnson*. *Id.* at *3 (stating, "Section 2255 provides a limited remedy--second or successive petitions are appropriate when the appropriate court of appeals certifies that it contains 'a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.' 28 U.S.C. § 2255(h)(2).")

have reach conflicting results on this question. Compare *Price v. United States*, 795 F. 3d 731 (7th Cir. 2015) (holding that *Johnson* is retroactively applicable to cases on collateral review for purposes of § 2255(h)(2)) with *In re: Rivero*, 797 F. 3d 986, 989 (11th Cir. 2015) (rejecting *Price*, holding that "[a]lthough we agree that *Johnson* announced a new substantive rule of constitutional law, we reject the notion that the Supreme Court has held that the new rule should be applied retroactively on collateral review" as required by § 2255(h)(2)) (citing *In re: Anderson*, 396 F. 3d 1336, 1339 (11th Cir. 2005) ("When the Supreme Court makes a rule retroactive for collateral-review purposes, it does so unequivocally, in the form of a holding.")).[3] It is therefore uncertain whether Taylor will succeed in obtaining permission to file a second or successive § 2255 motion; regardless, *Hayes* unequivocally establishes that Taylor's claim is not cognizable under § 2241, and his petition must be denied.

For the reasons set forth above, Taylor has not demonstrated that he is actually innocent of the underlying offenses of which he was convicted. Because

---

[3] The Eleventh Circuit explained that there are two types of substantive rules of constitutional law which apply retroactively to cases on collateral review: those which prohibit punishment of certain types of *primary conduct* (such as homosexual sodomy between consenting adults and flag burning), and those which prohibit a category of punishment for *certain offenders or offenses* (such as taking the life of a mentally retarded offenders or taking the life of a child rapist unless the crime took the life of the victim). *In re Rivero*, 797 F.3d at 990. Accordingly, the Eleventh Circuit concluded that "The new rule announced in *Johnson* neither prohibits Congress from punishing a criminal who has a prior conviction for attempted burglary nor prohibits Congress from increasing that criminal's sentence because of his prior conviction." *Id.*

Taylor is not entitled to relief under § 2241, his habeas petition will be denied and this proceeding will be dismissed.

## CONCLUSION

Accordingly, it is hereby **ORDERED** as follows:

1.      Petitioner James Taylor's motion to proceed *in forma pauperis* [D. E. No. 4] is **DENIED** as **MOOT**.

2.      Taylor's 28 U.S.C. § 2241 petition for a writ of habeas corpus [D. E. No. 1; as supplemented at D. E. No. 8] is **DENIED**.

3.      The Court will enter an appropriate Judgment.

4.      This 28 U. S. C. § 2241 habeas proceeding is **DISMISSED** and **STRICKEN** from the Court's docket.

This November 12, 2015.



Signed By:

*Henry R. Wilholt, Jr.*

United States District Judge